C.H. Rice Son, Inc., having obtained a solidary judgment against Joseph Stassi and John Stassi in the sum of $335, with interest, attorney's fees and costs, caused the seizure of certain funds in the hands of the constable of the First City Court of New Orleans belonging to John Stassi. This money, amounting to $75.66, had come into the possession of the constable as the result of the issuance of a writ of fieri facias in the matter of John Stassi v. Charles Tolmas, Inc., in which matter Stassi had obtained a judgment against the Tolmas Company for the aggregate amount of certain commissions which the said Stassi had earned as a real estate salesman while in the employ of the said Tolmas Company.
There had been a dispute between Stassi and the Tolmas Company as to whether these commissions were due. Stassi had brought suit, had obtained judgment and the fund in the possession of the constable had been seized under that judgment.
A portion of the fund was released without opposition to the attorneys for Stassi in payment of fees and costs which had accrued in the suit of Stassi against the Tolmas Company.
There remained in the hands of the constable $50.16 when Stassi by this rule nisi called upon the seizing creditor, C.H. Rice 
Son, Inc., to show cause why the said money should not be held to be exempt from seizure and released to Stassi.
The ground on which the rule is based is that the said fund is exempt "by reason of Section 1 of Act 181 of 1932 because mover was employed by * * * Charles Tolmas, Inc. on a commission basis, and besides under Section 1 of Act 183 of 1932, he is entitled to an exemption of $60.00 per month."
In the lower court the fund was held to be exempt and judgment was rendered ordering its release to Stassi. The seizing creditor has appealed. There is no controversy *Page 806 
over the source of the fund which now remains in the hands of the constable. It is the balance which was due by Tolmas Company to Stassi as commissions which were earned during the period consisting of four months commencing March 1st and ending June 30th, 1939. During that period certain commissions were earned by Stassi and certain amounts were paid on account. Though the record is very vague, it shows that during March Stassi earned $168.50 and drew $151, leaving a balance due him, for that month, of $17.50, and that during April he earned $125.50 and drew the full amount. It appears also that during May he earned $45 and drew $55, and that during June he earned $129 and drew $75, leaving a balance to his credit, for that month, amounting to $54.
Counsel for Stassi rely upon Act 183 of 1932 which amends Article 644 of the Code of Practice, and which, in part, reads as follows: "`In the case of all other laborers, wage earners, artisans, mechanics, engineers, firemen, carpenters, brick-layers, secretaries, bookkeepers, clerks, employees on a commission basis, or employees of any nature or kind whatever, whether skilled or unskilled, 80% of the wage, salary, commission or other compensation thereof can not be seized or garnisheed, but only 20% of such compensation shall be subject to such seizure or garnishment, and in no case shall the seizure or garnishment infringe upon a minimum of sixty ($60.00) dollars per month of such salary, wage, commission or other compensation, which said sixty ($60.00) dollars per month shall always be exempt.'"
They contend that because of this statute the entire amount, which is less than $60, is exempt, and they argue that whenever any fund earned by someone who is employed on a commission basis is seized, 80% or $60 (whichever is greater) is exempt from the seizure. They argue also that, considered on a monthly basis, the entire fund is exempt for the reason that out of each month's earnings 80%, or the first $60, is exempt and, therefore, each monthly balance standing to the credit of Stassi is exempt since each is less than $60. The theory of counsel for Stassi is that in determining whether any such seized fund is exempt, we must not take into consideration any amount which may already have been drawn by the employee, but must look at the matter as though the seized amount represented the entire earnings of the judgment debtor during the particular month under consideration. For instance it is said that when we consider the month of March, 1939, we may not take into account the fact that Stassi earned a total of $168.50 and has already drawn $151 but should consider only the $17.50 balance due and hold it to be entirely exempt, and that when we consider the month of June, we should not take into account the fact that Stassi earned $120 and drew $75 but should consider only the $54 balance which is due, and should hold it to be entirely exempt.
We are not impressed by this argument. We do not find in this statute nor in Act 181 of 1932 anything which in the slightest degree evidences the intention of the legislators that any amount paid on account should not be taken into consideration in determining how much of the total earnings of the particular month should be considered as exempt. On the contrary, we are convinced that it was the intention of the law-makers that the total amount earned by the employee in any month should be considered and that he should be permitted to retain 80% of that amount or $60, whichever might prove to be greater, and that the balance, either the remaining 20%, or such balance as might remain after the deduction of the $60, should be treated as subject to seizure.
The two acts, when considered together, show plainly the intention of the legislators that each month should be considered separately and that out of each month's earnings (80% or $60 whichever is greater) should be held to be exempt. Of the amount earned for March, $17.50 remains unpaid and since $151 was already drawn, it appears that Stassi drew more than $60 which was exempt and more than the 80% which was exempt; therefore the total $17.50 is subject to seizure. In the month of June Stassi earned $129 of which 80%, or $103.20, was exempt, leaving $25.80 which is subject to seizure.
We repeat that the record is very vague as to figures and slight discrepancies appear between the amounts shown in the constable's return and those which we arrive at. But it appears clear that of the total balance remaining in the hands of the constable there is subject to seizure $43.30 made up of $17.50 for March and $25.80 for June.
It is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is, amended and that it be, and it is, made absolute only to the extent of releasing *Page 807 
to the judgment creditor any amount that may remain in the hands of the constable after paying to the seizing creditor $43.30 or the fund under seizure. Stassi to pay all costs of this rule.
Amended and affirmed.